O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHOPINDER DHILLON, ET AL.,<br><br>          Plaintiffs,<br><br>    v.<br><br>PRINCESS CRUISE LINES, LTD., ET AL.,<br><br>          Defendants. | Case No.  2:20-CV-11661-DDP-GJS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND MODIFY THE SCHEDULING ORDER UNDER RULE 16(b)(4)**<br><br>[Dkt. 54] |

Presently before the court is Plaintiffs' Motion for Leave to Amend Complaint and Modify the Scheduling Order Under Rule 16(b)(4).  (Dkt. 54.)  Having considered the parties' submissions, the court adopts the following order.

///

///

///

**I. BACKGROUND**

Bhopinder Dhillon, Reena Dhillon, Anita Pampalon, Richard Pampalon, Sangita Lal, Raj Lal, Jack Sekhon, and Praveena Giannoulis (collectively, "Plaintiffs") are former passengers of the *Grand Princess*, a cruise ship operated by Princess Cruise Lines Ltd. ("Defendant"). On February 11, 2020, the *Grand Princess* departed out of San Francisco to Puerto Vallarta, Mexico (the "Mexican Riviera Cruise"). (Dkt. 19, Second Amended Compl. ("SAC") ¶ 6.) On February 21, 2020, the *Grand Princess* anchored off the coast of San Francisco due to an outbreak of COVID-19. (*Id.*) Plaintiffs generally allege that while aboard the *Grand Princess*, Plaintiffs were exposed to and contracted COVID-19. (*Id.* ¶ 64.) On December 12, 2020, Plaintiffs filed this action against Defendant, asserting claims for negligence and gross negligence in connection to the alleged COVID-19 outbreak on the *Grand Princess*. (Dkt. 1.)

Plaintiffs now move to amend the SAC and to modify the court's September 28, 2020 Scheduling Order (Dkt. 45, Scheduling Order) and November 30, 2021 Order to Extend Certain Pretrial Deadlines, (Dkt. 50, Modified Scheduling Order). (*See* Dkt. 54, Mot.)

**II. LEGAL STANDARD**

When a motion for leave to amend necessitates modifications to the court's scheduling order, the party seeking leave to amend must first show good cause under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). If good cause is shown, the moving party must then demonstrate that the amendment is proper under Rule 15(a)(2). *Johnson*, 975 F.2d at 608.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Although the existence or degree of prejudice to the party

2

opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

**III. DISCUSSION**

Plaintiffs move to amend the SAC to join two of Defendant's parent companies as defendants and to add two new causes of action for misrepresentation/fraud and negligent misrepresentation. (Mot. at 1:2-6.) Plaintiffs contend that despite reasonable diligence in pursuing discovery, the basis for these claims were only recently discovered a month after the close of fact discovery on November 30, 2021. (Dkt. 54-2, Lal Declaration ("Decl.") ¶ 15.) Specifically, Plaintiffs claim that information pertaining to Defendant's corporate structure was unknown to Plaintiffs at the time they filed the SAC, including the identities of Defendant's parent companies, Carnival Corporation and Carnival plc (the "Parent Entities"). (Mot. at 1:8-16; Lal Decl. ¶ 4.) Moreover, Plaintiffs claim they only recently discovered documents that purport to show that the Parent Entities "actively direct[ed]" Defendant's employees to conceal "Covid 19 issues" from passengers who were aboard the *Grand Princess*. (Mot. 4:11-18; Lal Decl. ¶ 13, 15.)

Under the circumstances, Plaintiffs have not provided a sufficient basis to modify the Scheduling Orders. First, Plaintiffs ascribe their inability to possess this information until the close of fact discovery to Defendant's purported discovery abuse. Plaintiffs specifically complain that Defendant provided inadequate responses to written discovery requests, failed to timely produce documents, and failed to provide available dates for various deposition witnesses. However, when a party is frustrated by discovery compliance, the proper remedy is not a motion to modify a scheduling order or a motion seeking leave to amend. The proper remedy is a motion to compel—a remedy Plaintiffs did not timely seek. Thus, it appears that Plaintiffs contributed to the delay in discovery by failing to seek the proper remedy for the alleged discovery disputes.

Second, Plaintiffs were on notice of Defendant's relationship to Carnival Corporation and Carnival plc months before the close of discovery. Defendant identified

3

Carnival Corporation in its notice of interested parties filed on March 11, 2020, (Dkt. 26), in its Joint Rule 26 Report filed on June 14, 2021, (Dkt. 32), and in response to Plaintiffs' discovery requests served on September 30, 2021 (Dkt. 54-4, Ex. 2 at 9-10.)  The Parent Entities are also named defendants (in addition to Princess Cruise Lines Ltd.) in several other related lawsuits filed in this district that all concern the alleged COVID-19 outbreaks on the *Grand Princess*.  (*See* Opp. at 2, n.1.)

Moreover, Plaintiffs contend that they only recently discovered documents that suggest Defendant (as well as the proposed Parent Entities) knew "of the [p]resence of outbreak of Influenza Like Symptoms . . . and Acute Respiratory Symptoms . . . including that of possible Covid 19 disease on its Prior Voyage of Grand Princess dated January 29, 2020, through February 11th, 2020, commonly known as Grand Princess Hawaii Cruise AOO4." (Mot. at 4.)  Plaintiffs specifically contend that Defendant knew and intentionally concealed that a passenger on the Hawaiian cruise "was airlifted and died later from shortness of breath and Covid 19" and that at least one crew member from the *Diamond Princess* that had experienced an outbreak of COVID-19 in early February 2020 when it was in Japanese territorial waters, transferred to *Grand Princess* while carrying COVID-19.  (*Id.* at 5-6.)  Plaintiffs further contend that Defendant intentionally concealed that "it allowed several international crew members who flew through commercial airlines via China" on the *Grand Princess* and that one particular crew member had Covid-19.  (*Id.* at 6.)

However, with respect to the proposed claims against Defendant, it appears that Plaintiffs were aware of the substance of these claims throughout discovery.   In October 2021, some Plaintiffs testified during their depositions that they learned from crew members during their voyage about the "critically ill passenger" who was airlifted from the *Grand Princess* Hawaiian cruise, and testified that they were concerned the passenger had died from COVID-19.  (*See, e.g.*, Dkt. 57-12, Dhillon Depo. at 51:6-86:22, 231:22-232:6; Giannoulis Depo. at 111:20-112:112:14.)  Plaintiffs also testified that certain crew members

4

stated they were sharing rooms with other sick crew members who had been transferred to the *Grand Princess* from the *Diamond Princess*. (*Id.* at 51:17-86:22; Giannoulis Depo. at 85:22-86:1; 90:17-91:22.) Plaintiffs do not explain why they did not seek leave to amend after learning of these facts in October, nearly two months before the filing of this motion.

Third, Plaintiffs contend that Defendant's production of thousands of pages of documents limited their reviewing time to six weeks before the discovery cutoff on October 31, 2021. However, Plaintiffs do not sufficiently explain why they waited two months after the parties' Rule 26(f)(1) conference to begin formal discovery. According to the parties' Joint Rule 26 Report, the parties conferenced on May 25, 2021. (Dkt. 32.) Thereafter, Plaintiffs and Defendant were permitted to begin formal discovery absent any conflicting court order or stipulation. *See* Fed. R. Civ. P. 26(d)(1)-(3). Instead, Plaintiffs waited over two months, on August 5, 2021 and August 21, 2021, to serve Defendant six sets of written discovery requests, including requests for production of documents. (*See* Dkt. 57-1, Scott Decl. ¶ 2.) The burden fell on Plaintiffs to promptly seek the discovery it deemed essential, to supplement discovery requests, and to the extent Defendant unreasonably delayed or refused to fully satisfy its discovery obligations, to seek judicial intervention if necessary. Had Plaintiffs propounded discovery sooner than August 2021, they likely would have obtained the information they needed to seek leave to amend and to modify the scheduling orders without the risk of significant delay.

Although the dispositive factor in determining whether a court should modify a scheduling order is the diligence of the moving party, in this instance, the degree of prejudice to Defendant should also be considered, as it supplies additional reasons for the denial of Plaintiffs' motion. *See Johnson*, 975 F.2d at 609; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000), *cert. denied*, 533 U.S. 950 (2001) ("This prejudice to Quaker, although not required under Rule 16(b), supplies an additional reason for

denying the motion [ ]" to amend filed after the deadline to amend pleadings had expired).

Here, Defendant seeks to add two new defendants and two new causes of action two months after the close of fact discovery and three weeks before the deadline for filing dispositive motions, (*see* Dkt. 49, Court's Order of October 22, 2021) (extending dispositive motion deadline to January 7, 2021).  Allowing Plaintiffs to amend their pleading at this stage will likely cause delay as well as cause the parties to incur significant fees and costs.  The court will need to re-open discovery and allow motions to dismiss and motions for summary judgment with respect to the new claims and defendants.  *See Coleman*, 232 F.3d at 1295 (explaining that on a Rule 16(b) motion, the court may also consider prejudice to the non-moving party, including the fact that amending the complaint "would likely have required reopening discovery so that [defendant] could develop its evidence to prepare its defenses to this theory."); *c.f. Lockheed martin Corp. v. Network Solut., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming denial of Rule 15 motion to amend and holding that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").  Defendant contends it will need to re-depose Plaintiffs on their new allegations and file a second motion for summary judgment since the motion Defendant filed on January 7, 2021, (*see* Dkt. 64), will be rendered moot if the court permits Plaintiffs to file the TAC.  Under these circumstances, the addition of two defendants and two causes of action would be highly prejudicial to Defendant.

Given the above findings regarding Plaintiffs' lack of diligence, the court finds that Plaintiffs have not demonstrated good cause.  The court therefore need not address Plaintiffs' arguments under Rule 15(a).

///

///

///

6

## IV. CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' Motion for Leave to Amend Complaint and Modify the Scheduling Order Under Rule 16(b)(4).

**IT IS SO ORDERED.**

Dated: January 21, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE