O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHOPINDER DHILLON; REENA DHILLON; ANITA PAMPALON; RICHARD PAMPALON; SANGITA LAL; RAJ LAL; JACK SEKHON; PRAVEENA GIANNOULIS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PRINCESS CRUISE LINES, LTD,<br><br>　　　　　　Defendant. | Case No. 2:20-CV-11661-GJS<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO FILE LATE DESIGNATION OF EXPERT WITNESS**<br><br>[Dkt. 67] |

　　Presently before the court is Plaintiffs' Motion to File Late Designation of Expert Witness Under Rule 26(a). (Dkt. 67.) Having considered the parties submissions and heard oral argument, the court DENIES the motion, and adopts the following order.

///

///

///

**I. BACKGROUND**

On December 28, 2020, Bhopinder Dhillon, Reena Dhillon, Anita Pampalon, Richard Pampalon, Sangita Lal, Raj Lal, Jack Sekhon, and Praveena Giannoulis (collectively, "Plaintiffs") filed this lawsuit against Princess Cruise Lines, Ltd. ("Defendant), alleging two causes of action for negligence and gross negligence. (Dkt. 1.) Plaintiffs allege they contracted COVID-19 while traveling from San Francisco to Puerta, Vallarta, Mexico on one of Defendant's cruise ships, the *Grand Princess*. (*See* Dkt. 19.)

On June 14, 2021, the parties filed a Joint Rule 26(f) Report, which proposed the following agreed-upon expert discovery deadlines:

- Opening Expert Disclosure: November 1, 2021
- Rebuttal Expert Disclosure: December 1, 2021
- Expert Discovery Cut-off: December 31, 2021

(Dkt. 32.) The court's September 28, 2021 Scheduling Order adopted the parties' proposed dates for Opening and Rebuttal Expert Disclosures and modified the proposed expert discovery cut-off date to December 21, 2021. (Dkt. 45.) The Scheduling Order states that "[t]he agreed-upon disclosure date must precede the discovery cut-off date such that all discovery, including expert depositions, must be completed prior to the discovery cut-off date." (*Id.*) On October 22, 2021, the parties filed a stipulation to extend certain pretrial deadlines, including the expert discovery cut-off. (Dkt. 49.) On October 25, 2021, the court granted the parties' stipulation, and entered an Order extending the expert discovery cut-off deadline to December 31, 2021. (Dkt. 50.) The modified Order further scheduled the dispositive motion deadline for January 7, 2021. (*Id.*) The final pretrial conference is currently set for March 21, 2022 and trial is set for March 29, 2022. (Dkt. 45.)

On the close of expert discovery, on December 31, 2021, Plaintiffs served Defendant their expert disclosures. (Nield Decl. ¶ 12, Ex. A.) Plaintiffs' affirmative experts include: Charles Kinnear, maritime and safety expert; Dr. Barry Fox, infectious

2

diseases specialist and epidemiologist; Dr. Catherine Troisi, epidemiologist; Dr. Stan Smith, forensic economist and financial consultant; and Dr. P.J. Jogia, CPA.  (Dkt. 67-12.)  Plaintiffs also include the expert reports of Mr. Kinnear, Dr. Fox, and Dr. Troisi.  (*Id.*, Ex. 1-6.)  Plaintiffs designated three rebuttal experts, including Dr. Michael Fitzgibbons, infectious disease rebuttal expert; Dr. Fox; and Dr. Troisi.  (*Id.*)  Plaintiffs did not serve rebuttal reports or disclose rebuttal opinions of their rebuttal experts.  (*See id.*)

On January 7, 2022, Plaintiffs moved to file the late designation of their expert witnesses and accompanying reports.  (Odell Decl. ¶ 5.)  In their Reply, Plaintiffs represent that "to avoid disruption in the scheduling order, [P]laintiffs withdraw all . . . experts" with the exception of Mr. Kinnear, Dr. Fox, and Dr. Troisi, and their accompanying reports.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 26 requires parties to disclose all expert evidentiary material that may be relied upon at trial, and further provides that these disclosures be made at the times directed by the court.  Fed. R. Civ. P. 26(a)(2).  Expert disclosures must include "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them."  Fed. R. Civ. P. 26(a)(2)(B).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  The Rule thus excludes untimely expert witness testimony, unless the "part[y's] failure to disclose the required information is substantially justified or harmless." *Yeti*, 259 F.3d at 1106.

3

Rule 37(c)(1) is a "self-executing" "automatic" sanction designed to provide a strong inducement for disclosure. *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). Th party facing sanctions has the burden of establishing its failure was substantially justified or harmless. *Id.* at 1107; *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Furthermore, a party that fails to comply with a scheduling order is subject to the sanctions available to a court to enforce its orders, including those authorized by Rule 37(b)(2)(A)(ii)(vii); Fed. R. Civ. P. 16(f).

**III. DISCUSSION**

There is no dispute that Plaintiffs' disclosures are untimely. Plaintiffs served their expert disclosures sixty days past the initial expert disclosure deadline, and thus have violated Rule 26. As such, the only issue before the court is whether Plaintiffs have demonstrated that their late disclosures were substantially justified or harmless.

Plaintiffs argue that the delay is justified and will not prejudice Plaintiffs. Defendant urges the court to deny Plaintiffs' motion and further exclude Plaintiffs' expert witnesses and accompanying expert reports in any subsequent motion and at trial.

**A. Substantial Justification**

The court finds that Plaintiffs' violation of Rule 26 is not substantially justified. Plaintiffs attribute fault to the court reporting company that transcribed Plaintiffs' deposition testimony, reasoning that the deposition transcripts were vital to the preparation of their experts' reports. However, after reviewing the expert reports, it appears that neither Mr. Kinnear nor Dr. Troisi relied on Plaintiffs' depositions in preparing their reports. (Dkt. 67-21, Kinnear Report at 13-14; Troisi Report at 1-10.) Moreover, Dr. Fox's report indicates that he primarily relied on all of the Plaintiffs' declarations and only four of the eight Plaintiffs' depositions. (*Id.*, Fox Report at 1-2.) Although Plaintiffs describe, at length, their attempt to obtain the transcripts for over a month, Plaintiffs do not explain why they did not offer their testimony in another feasible manner, such as by preparing declarations earlier in the discovery period.

4

1  Plaintiffs also could have, but did not, seek relief from this Court in the form of
2  requesting an extension of time to serve their expert disclosures, nor did Plaintiffs seek a
3  stipulation to extend the expert discovery cut-off date from Defendant. Plaintiffs simply
4  disregarded the disclosure deadlines, failed to request an extension of time from the
5  court, and assumed that their expert reports served sixty days after the initial disclosure
6  deadline would be acceptable. Under these circumstances, the court is unable to
7  conclude the delay was substantially justified. *See Quevedo v. Trans-Pac. Shipping, Inc.*,
8  143 F.3d 1255, 1258 (9th Cir. 1998) (noting the plaintiff could have requested an extension
9  of the court's deadlines and excluding expert testimony when the report was provided
10 approximately forty days after the deadline).

**B. Harmless**

12 Plaintiffs also have not demonstrated that their untimely expert disclosures were
13 harmless to Defendant. Plaintiffs reason that Defendant already deposed
14 Plaintiffs' experts in a related case, *Dorety v. Princess Cruise Lines Ltd.*, No. 2:20-cv-03507,
15 2021 WL 4913508, at *1 (C.D. Cal. Oct. 1, 2021), and therefore Defendant was already
16 apprised of the proposed experts' opinions. However, Defendant did not have the
17 opportunity to depose Plaintiffs' experts about the facts and issues in *this* case. Nor did
18 Defendant have an opportunity to meaningfully analyze and respond to Plaintiffs' expert
19 reports in its motion for summary judgment, which was filed only a week prior to
20 receiving Plaintiffs' expert disclosures.

21 Plaintiffs further argue that their late disclosures were harmless because Plaintiffs
22 offered to bear the costs of deposition fees should Defendant wish to re-open discovery
23 for the limited purpose of deposing Plaintiffs' experts, which Defendant rejected.
24 However, Plaintiffs' argument glosses over the fact that their request came just days
25 before the dispositive motion cut-off and less than three months before trial, and a week
26 after the close of expert discovery. Re-opening discovery at this time would require the
27 court to vacate the parties' cross-motions for summary judgment, set new deadlines for

28

expert discovery, the final pre-trial conference, and trial. The Ninth Circuit and district courts therein have determined that a late disclosure is not harmless where, at minimum, it would likely require the court to create a new briefing schedule and re-open discovery. *See, e.g.*, *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) (finding prejudice where the late disclosure disrupted the schedule of both the defendant and the court); *Ansolabehere v. Dollar Gen. Corp.*, No. 1:19-cv-01017 NONE JLT, 2021 WL 1564450, at *5 (E.D. Cal. Apr. 21, 2021) (collecting cases). Moreover, Plaintiffs' proposed offer to re-open discovery does not resolve the fact that Defendant was unable to prepare rebuttal reports in response to Plaintiffs' expert reports in its summary judgment briefing. Although Plaintiffs represented in this motion and in their motion for summary judgment that the reports of Mr. Kinnear, Dr. Fox, and Mr. Troisi were attached "for [the] record and not for any evidentiary purposes," it appears that Plaintiffs extensively cite to the expert reports throughout their Reply in support of their summary judgment motion and in their Opposition to Defendant's motion for summary judgment. (*See, e.g.*, Dkt. 78, Reply at 2-3, 9-15; Dkt. 70, Opp. at 1-2, 8, 25.) Plaintiffs' conduct was far from harmless.

Because Plaintiffs have not demonstrated that their violation of Rule 26 was either substantially justified or harmless, the court DENIES Plaintiffs' motion.

**IV. CONCLUSION**

Based on the foregoing, Plaintiffs' Motion to File Late Designation of Expert Witness Under Rule 26(a) is DENIED.

**IT IS SO ORDERED.**

Dated: February 18, 2022

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

6